UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIMS PROPERTIES INVESTMENTS, LLC, a
Florida limited liability company,
MIMS/ALAFIA, LLC, a Florida limited
liability company, FLORIDA SAND AND
FILL, LLC, a Florida limited liability company,
INNOVATION ENVIRONMENTAL, INC., a
Florida corporation, MIMS PROPERTIES,
LLC, a Florida limited liability company, MIMS
HAMMOCKS, LLC, a Florida limited liability
company, and NICHOLS RANCH, LLC, a
Florida limited liability company,

      Plaintiffs,

v.                                             CASE NO. 8:11-cv-1093-T-17TBM

MOSAIC FERTILIZER, LLC, a foreign limited
liability company

      Defendant.
_____/

## MOTION TO DISMISS COUNTS X-XII OF THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Mosaic Fertilizer, LLC ("Mosaic"), moves to dismiss Complaint counts X (trespass), XI (tortious interference), and XII (negligent misrepresentation) under Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6). Plaintiffs' allegations do not support plausible claims for any of these counts, and Plaintiffs fail to plead their negligent misrepresentation claim with the particularity required by Rule 9(b).

### STATEMENT OF THE CASE

In addition to meritless contract claims, Plaintiffs allege that Mosaic (a) trespassed on their land, (b) tortiously interfered with their business plan to develop a landfill and recycling

processing plant, and (c) negligently misrepresented that certain wetlands and uplands had been released from reclamation obligations by the State.  In addition to being false, Plaintiffs' allegations fail to meet the required pleading standards, and accordingly, must be dismissed.  Plaintiffs' trespass claim fails because Mosaic has an express right and duty to perform certain reclamation activities on Plaintiffs' property.  Plaintiffs' tortious interference claim fails because the alleged interference is of speculative future business opportunities, which are opportunities that Mosaic created.  And Plaintiffs' negligent misrepresentation claim fails because Plaintiffs fail to identify any false statements on which Mosaic purportedly intended Plaintiffs to rely to their detriment, and because Plaintiffs fail to plead their claim with any of the particularity required by Rule 9(b).

## ARGUMENT

**I.     Plaintiffs fail to allege facts necessary to state plausible claims for trespass, tortious interference, or negligent misrepresentation.**

As a threshold matter, Plaintiffs fail to allege facts sufficient to raise facially plausible claims for trespass, tortious interference, or negligent misrepresentation.  Rules 8(a)(2) and 12(b)(6) require district courts to dismiss any complaint that does not contain factual allegations sufficient to "state a claim to relief that is *plausible* on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added).  Claims are facially plausible only "when the pleaded *factual content* allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (emphasis added).  Accordingly, a "conclusory statement of the elements of a cause of action will not suffice to state a claim."  *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1336 (M.D. Fla. 2010) (applying *Iqbal* and *Twombly* to dismiss amended complaint).  In other words, Rule 8 demands "'more than an unadorned,

the-defendant-unlawfully-harmed-me accusation.'" *Miller v. Support Collection Unit Westchester County*, 2010 WL 767043, at *7 (M.D. Fla. Mar. 5, 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Rather, there must be "***more than a sheer possibility***" that the defendant is liable. *Iqbal*, 129 S. Ct. at 1949 (emphasis added).

"[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Importantly, conclusory allegations are "not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. Further, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Plaintiffs fail to meet these pleading standards.

### A. Plaintiffs cannot allege a plausible claim for trespass because their claim is contradicted by their own allegations and the exhibit they rely on.

Plaintiffs do not allege a plausible claim for trespass because the Complaint's exhibits expressly establish Mosaic's right of entry onto their properties.

To state a claim for trespass under Florida law, the Complaint must plausibly allege facts indicating "an unauthorized entry onto another's property." *Coddington v. Staab*, 716 So. 2d 850, 851 (Fla. 4th DCA 1998) (quoting *Pearson v. Ford Motor Co.*, 694 So. 2d 61, 69 (Fla. 1st DCA 1997)). There can be no trespass unless and until the owner has withdrawn its permission to enter the property. *See Garden Street Iron & Metal, Inc. v. Tanner*, 789 So. 2d 1148, 1150 (Fla. 2d DCA 2001) ("the landowner's cause of action for trespass accrues . . . when he retracts his permission for the use of the property.").

3

Accordingly, Plaintiffs' trespass claim is fatally defective in two separate ways. *First*, the Complaint admits, and its exhibits demonstrate, that Mosaic had express permission to enter the subject properties to perform certain reclamation activities. *See* Compl. ¶ 71 (Mosaic has a "limited and conditional right to perform the required reclamation activities"); Termination Agreement (Compl. Ex. D) at 3 ("The temporary easement granted hereby shall terminate as to each reclamation program area upon Mosaic's completion of all reclamation activities with respect [to] such reclamation program area and the formal release of the affected lands by all applicable county, state and federal agencies . . . ."). *Second*, the Complaint nowhere alleges that Plaintiffs ever withdrew their permission for Mosaic to enter the property to perform certain reclamation activities on the properties—because they have not. On the contrary, Plaintiffs continually allege that Mosaic has not yet performed its reclamation activities. *E.g.*, Compl. ¶ 20 ("Mosaic has failed to timely complete reclamation"), ¶ 41 (Mosaic "fail[ed] to construct the reclamation"), ¶ 57 (Mosaic "has not completed all reclamation activities"), ¶ 63 (Mosaic "fail[ed] to complete the reclamation"). Consequently, Plaintiffs' trespass claim must be dismissed.

  **B.**  **Plaintiffs cannot allege a plausible claim for tortious interference because the alleged interference is of speculative future business opportunities, which also happen to be opportunities that Mosaic created.**

Plaintiffs cannot allege a plausible claim for tortious interference, because (a) their "business opportunities" are mere speculation regarding purported future business opportunities, and (b) Mosaic was the source of the business opportunities with which it has allegedly interfered.

To maintain a claim for tortious interference, Plaintiffs must allege "(1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant and (3) damage to the plaintiff as a result of the breach of the business relationship." *Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1223 (Fla. 3d DCA 1980).  Importantly, "[t]here is no such thing as a cause of action for interference which is only negligently or consequentially effected."  *Id.* at 1224.  Additionally, there can be no liability for interference based on mere "speculation regarding future [transactions]."  *Ethan Allen, Inc. v. Georgetown Manor*, 647 So. 2d 812, 815 (Fla. 1994).  Moreover, the "tort of willful interference with a business relationship does not exist where the defendant was the source of the business opportunity allegedly interfered with."  *Genet Co. v. Anheuser-Busch, Inc.*, 498 So. 2d 683, 684 (Fla. 3d DCA 1986) (citing *A.R.E.E.A., Inc. v. Goldstein*, 411 So. 2d 310 (Fla. 3d DCA 1982)).

Here, Plaintiffs do not allege any facts establishing a business relationship under which Plaintiffs currently have any legal rights.  Instead, they merely speculate regarding possible future transactions.  *See* Compl. ¶ 82.  Neither do Plaintiffs allege any plausible facts that Mosaic intended to interfere with Plaintiffs' future business plans.  Finally, Mosaic is the source of any future business opportunities because it is the party that sold Plaintiffs the properties and it is the party that is performing reclamation activities on the properties for Plaintiffs' benefit.  Accordingly, Plaintiffs' claim for tortious interference must be dismissed.

### C. Plaintiffs cannot allege a plausible claim for negligent misrepresentation because Plaintiffs fail to identify any false statements on which Mosaic intended Plaintiffs to rely to their detriment.

Plaintiffs do not allege a plausible claim for negligent misrepresentation because they fail to identify any false statements on which Mosaic purportedly intended Plaintiffs to reasonably rely to their detriment.

To state a claim of negligent misrepresentation under Florida law, the Plaintiffs must allege facts establishing: "(1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009) (citing *Wallerstein v. Hosp. Corp. of Am.*, 573 So. 2d 9, 10 (Fla. 4th DCA 1990)).

Plaintiffs fail to (1) identify any specific "misrepresentation of a material fact," (2) explain how Mosaic knew or should have known of its supposed falsity, (3) show how Mosaic intended to induce Plaintiffs to act thereon, or (4) demonstrate how Plaintiffs justifiably relied on any such statement. Failure to allege any of these elements requires dismissal of Plaintiffs' negligent misrepresentation claim.

### II. In addition to failing to plead any of the elements of negligent misrepresentation, Plaintiffs fail to plead it with the particularity required by Rule 9(b).

Negligent misrepresentation must be pled with the particularity required by Rule 9(b). *See Lin v. Metrobank of Dade County*, 2010 WL 431871, at *1 (S.D. Fla. Feb. 2, 2010); *Ostreyko v. B.C. Morton Org., Inc.*, 310 So. 2d 316, 318 (Fla. 3d DCA 1975).

To satisfy Rule 9(b), therefore, Plaintiffs must plead "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1264, 1371 (11th Cir. 1997) (punctuation omitted).

Plaintiffs' misrepresentation allegations come nowhere near the particularity threshold. Plaintiffs do not allege the who, what, where, when, or why required by Rule 9(b). Plaintiffs do not identify any "statement" or "omission" made by Mosaic with any requisite particularity. Plaintiffs do not allege the "time and place of" or the "person responsible for" any such statements or omissions. Plaintiffs do not allege the "content" of any such statements or omissions. And Plaintiffs do not allege "the manner in which [Mosaic] misled" them.

Instead, all Plaintiffs allege is that Mosaic "made several oral representations" that certain wetlands and uplands "had been released by Florida's Bureau of Mining and Minerals Regulation," and that Plaintiffs somehow relied on that statement to their detriment when they "pursued development of a landfill and recycling processing plant." Compl. ¶ 86. These allegations do not meet the 9(b) standard, and they are too vague and conclusory to be credited at the dismissal stage under *Iqbal* and *Twombly*. Finally, Plaintiffs fail to allege, in anything more than an unacceptably conclusory manner, that Mosaic's actions "constitute intentional misconduct, and were willful, wanton and/or in conscious disregard or

indifference" to Plaintiffs' rights.  *See Twombly*, 127 S. Ct. at 1964-65.  Thus, Plaintiffs cannot plausibly allege Mosaic's state of mind.  Accordingly, Plaintiffs claim for negligent misrepresentation must be dismissed.

### III. Plaintiffs' claims for trespass, tortious interference, and negligent misrepresentation should be dismissed with prejudice.

The dismissal of Plaintiffs' claims for trespass, tortious interference, and negligent misrepresentation should be with prejudice.  A court "may properly deny leave to amend . . . when such amendment would be futile."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  That is the case here.  Amendment of the Complaint would be futile here, because (a) Plaintiffs' admissions and exhibits establish that Mosaic did not trespass, (b) Plaintiffs have already pled that their business opportunities are speculative, future business opportunities that Mosaic created, and (c) Plaintiffs can identify no false statements by which Mosaic intended Plaintiffs to justifiably rely to their detriment.

### CONCLUSION

For these reasons, Mosaic respectfully requests that the Court dismiss Complaint counts X (trespass), XI (tortious interference), and XII (negligent misrepresentation) with prejudice.

Respectfully submitted,

/s/ David B. Weinstein
David B. Weinstein
Florida Bar No. 604410
weinsteind@gtlaw.com
Christopher Torres
Florida Bar No. 0716731
torresch@gtlaw.com
GREENBERGTRAURIG, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida  33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Counsel for Mosaic Fertilizer, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 11, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ David B. Weinstein
Attorney

TPA 511557957